IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN RICHARD PENA,

    Petitioner,                    No. 2:11-cv-1003-JFM (HC)

    vs.

MATTHEW CATE,

    Respondent.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

        Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing Section 2254 Cases. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition

1

(1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

PROCEDURAL HISTORY

Petitioner challenges his 1998 conviction for violation of California Penal Code § 290 subd. (f) and his sentence of twenty-five years to life imprisonment. Pet. at 1. Petitioner's conviction and sentence were upheld on direct review on February 25, 2000 by the California Court of Appeals and on May 10, 2000 by the California Supreme Court. Id. at 2. On October 10, 2000, petitioner's writ of certiorari was denied by the United States Supreme Court. Id.

Over the course of the next ten years, petitioner sought habeas relief multiple times in the state courts. Petitioner first submitted a petition for writ of habeas corpus to the San Joaquin County Superior Court, which was denied on September 27, 2002. Pet. at 3-4. Petitioner, represented by counsel, then sought review before the state appellate court.

On September 1, 2004, the California Court of Appeals, Third Appellate District, published an opinion upon consolidation of three petitions for writ of habeas corpus pending before it, including petitioner's, for the purpose of addressing the contemptuous behavior of the attorney representing the individuals. See In re White, 121 Cal. App. 4th 1453 (Cal. Ct. App. 2004). The appellate court, in the 26-page opinion, found that the attorney abused the writ

process by filing "patently frivolous" and "doomed to fail" petitions for habeas relief so as to defraud his clients who had no chance of success on appeal. See id. at 1456-57. Following numerous factual findings, the court sanctioned the attorney and dismissed the petitions pending before it, including petitioner's, as "frivolous." Id. at 1459.

Petitioner then returned to the San Joaquin County Superior Court with a second petition for writ of habeas corpus. See Pet. at 4a. On October 20, 2005, the superior court denied the petition. On December 26, 2006, the California Court of Appeals, Third Appellate District, denied the petition. Id. Lastly, on October 15, 2010, the California Supreme Court denied review. Id.

In one final attempt for relief, petitioner filed a petition for writ of error coram nobis in the California Court of Appeals, which was denied on October 21, 2010. Pet. at 4a. The California Supreme Court then denied it on January 12, 2011. Id. at 4b.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 325-27 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320 (holding that AEDPA only applies to cases filed after statute's enactment). The instant petition was filed on April 14, 2011, and thus, it is subject to the provisions of AEDPA.

AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

/////

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

© the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded before the enactment of AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of AEDPA filed a habeas corpus petition within one year of AEDPA's enactment, the court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir. 1997, overruled on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), abrogated on other grounds by Woodford v. Garceau, 538 U.S. 202 (2003). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001). A petitioner would then have until April 25, 1997, absent statutory tolling, to file his petition.

In this case, petitioner's direct review became final prior to the enactment of AEDPA. Accordingly, petitioner had until April 25, 1997 to file the instant petition. The petitioner, however, was filed nearly fourteen years later on April 14, 2011. Thus, the petition appears to be untimely. Although petitioner filed numerous petitions for habeas relief in the state

4

court, it does not appear that they entitle him to statutory tolling as at least one court determined that the petition was frivolous and failed to state a claim for relief.  See In re White, 121 Cal. App. 4th 1453 (Cal. Ct. App. 2004).  Furthermore, petitioner has not presented any facts warranting equitable tolling.

The Ninth Circuit, in Herbst v. Cook, concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d 1039, 1041-42 (9th Cir. 2001).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is granted leave to proceed in forma pauperis;

2. Petitioner shall show cause within thirty days of the date of this order why the instant petition for writ of habeas corpus should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Petitioner is warned that his failure to comply with this order may result in findings and recommendations recommending that the instant petition be dismissed.

DATED: June 24, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;pena1003.114.osc